AUSTIN KNUDSEN
Montana Attorney General
DAVID M.S. DEWHIRST
Solicitor General
JEREMIAH LANGSTON
Assistant Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Phone: 406-444-2026
Fax: 406-444-3549
david.dewhirst@mt.gov
jeremiah.langston@mt.gov

COUNSEL FOR PROPOSED INTERVENOR-DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, SIERRA CLUB, MONTANA ENVIRONMENTAL INFORMATION CENTER, FRIENDS OF THE EARTH, and WATERKEEPER ALLIANCE, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LIEUTENANT GENERAL SCOTT A. SPELLMAN, in his official capacity, and U.S. ARMY CORPS OF ENGINEERS,<br><br>    Defendants. | CV-21-47-GF-BMM<br><br>**PROPOSED ANSWER OF INTERVENOR-APPLICANT STATE OF MONTANA TO CENTER FOR BIOLOGICAL DIVERSITY'S, ET AL. COMPLAINT** |

## PREFACE

Plaintiffs' Complaint, *see* ECF No. 1, contains numerous legal statements and conclusions as allegations of "fact." To the extent that Plaintiffs have pleaded "legal conclusions couched as factual allegations," those allegations are insufficient under Fed. R. Civ. P. 8. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Leite v. Crane,* 749 F.3d 1117, 1121 (9th Cir. 2014). Courts do not accept the truth of legal conclusions merely because they are presented as factual allegations. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

## FIRST DEFENSE

Intervenor-Applicant State of Montana ("Montana") submits this Proposed Answer in accordance with Rule 24(c) of the Federal Rules of Civil Procedure and Local Rule 24.1(b)(3)(B). In answer to the specific allegations in the Complaint for Declaratory and Injunctive Relief ("Complaint"), *see* ECF No. 1, filed by the Center for Biological Diversity, Sierra Club, Montana Environmental Information Center, Friends of the Earth, and Waterkeeper Alliance, Inc. (together, "Plaintiffs") in numbered paragraphs corresponding with those of the Complaint, Montana alleges as follows:

## INTRODUCTION

1–2. Paragraphs 1–2 is Plaintiffs' characterization of the case, to which no response is required.

3. Paragraph 3 is Plaintiffs' characterization of other litigation, *Northern Plains Resource Council et al. v. U.S. Army Corps of Engineers*, No. 4:19-cv-00044 (D. Mont.), appeal pending, No. 20-35412 (9th Cir.), to which no response is required.

4. Montana denies the first sentence in Paragraph 4. Montana denies the second sentence to the extent it suggests that the Trump Administration refused to initiate ESA consultation on the 2017 NWP 12. Montana admits the third sentence in Paragraph 4.

5–13. The allegations in Paragraph 5–13 constitute conclusions of law, to which no response is required.

14. The allegations in Paragraph 14 constitute conclusions of law and Plaintiffs' request for relief, to which no response is required. To the extent a response may be deemed required, Montana denies that Plaintiffs are entitled to the relief sought or to any other form of relief.

## JURISDICTION AND VENUE

15–17.  The allegations in Paragraphs 15–17 constitute conclusions of law, to which no response is required.

## PARTIES

### Plaintiffs

18–23.  Montana lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 18–23.

24.  Montana admits in Paragraph 24 that NWP 12 is used to permit the construction of oil and gas pipelines through rivers, streams, and wetlands.  Montana denies the remaining allegations in Paragraph 24.

25–26.  Montana lacks knowledge or information sufficient to form a belief about the allegations in Paragraphs 25–26.

27.  The allegations in Paragraph 27 constitute conclusions of law, to which no response is required.

28.  Montana admits in Paragraph 28 that NWP 12 has been used, and is likely to continue to be used, for oil pipelines intended to move petroleum products from the Bakken Formation in Montana and other areas in North America.  Montana also admits in Paragraph 28 that oil

pipelines often cross waterways. Montana lacks sufficient knowledge or information sufficient to form a belief about species that may located near a project that relies on up NWP 12. Montana denies the remaining allegations in Paragraph 28.

29. The allegations in Paragraph 29 constitute conclusions of law, to which no response is required.

30–32. Montana lacks knowledge or information sufficient to form a belief about the allegations in Paragraphs 30–32.

33–35. The allegations in Paragraphs 33–35 constitute conclusions of law, to which no response is required.

36. The allegations in the first sentence of Paragraph 36 constitute conclusions of law, to which no response is required. Montana lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 36.

37. The allegations in Paragraph 37 constitute conclusions of law, to which no response is required.

38. Montana lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 38.

39. Montana denies the allegations in the first sentence of Paragraph 39. The remaining allegations in Paragraph 39 constitute conclusions of law, to which no response is required.

40–41. The allegations in Paragraphs 40–41 constitute conclusions of law, to which no response is required.

42. The allegations in Paragraphs 42 constitute Plaintiffs' request for relief, to which no response is required. To the extent a response may be deemed required, Montana denies that Plaintiffs are entitled to the relief sought or to any other form of relief.

## Defendants

43. Montana admits the allegations in Paragraph 43.

44. Montana admits the allegations in the first sentence of Paragraph 44. The remainder of allegations in Paragraph 44 constitute conclusions of law, to which no response is required.

## LEGAL BACKGROUND

### The Clean Water Act and NWPs

45–56. The allegations in Paragraphs 45–56 constitute conclusions of law, to which no response is required.

### The Endangered Species Act

57–69.  The allegations in Paragraphs 57–69 constitute conclusions of law, to which no response is required.

### The National Environmental Policy Act

70–93.  The allegations in Paragraphs 70–93 constitute conclusions of law, to which no response is required.

### The Administrative Procedure Act

94.  The allegations in Paragraph 94 constitute conclusions of law, to which no response is required.

## FACTUAL BACKGROUND

### The Corps Reissuance of NWP 12

95. The allegations in Paragraph 95 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

96.  Montana denies the allegations in Paragraph 96.

97.  Montana admits the allegations in Paragraph 97.

98. Montana admits the allegations in the first sentence of Paragraph 98. The remaining allegations in Paragraph 98 constitute conclusions of law, to which no response is required.

99. Montana admits the allegations in Paragraph 99.

100–108. The allegations in Paragraphs 100–108 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

## The Corps' Failure to Comply with the ESA

109. The allegations in Paragraph 109 constitute conclusions of law, to which no response is necessary.

110. The allegations in Paragraph 110 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

111. Montana denies the allegations in Paragraph 111.

112. Montana denies the allegations in the first sentence of Paragraph 112. The remaining allegations purport to characterize documents or the contents of documents that speak for themselves and

are therefore the best evidence of their contents; therefore, no response is required.

113. The allegations in Paragraphs 113 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

114. The allegations in Paragraph 114 constitute conclusions of law, to which no response is necessary.

115–116. The allegations in Paragraphs 115–116 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

### **The Corps' Failure to Comply with NEPA**

117. The allegations in the first sentence of Paragraph 117 constitute conclusions of law, to which no response is necessary. The allegations in the second sentence of Paragraph 117 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

118–127. The allegations in the Paragraphs 118–127 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

128–129. The allegations in Paragraphs 128–29 constitute conclusions of law, to which no response is necessary.

## FIRST CLAIM FOR RELIEF

### The Corps' reissuance of NWP 12 violated the Endangered Species Act, 16 U.S.C. §§ 1531-1544, and applicable regulations

130. Montana incorporates by reference its responses to the allegations of the preceding paragraphs.

131–139. The allegations in Paragraphs 131–139 constitute conclusions of law, to which no response is necessary.

## SECOND CLAIM FOR RELIEF

### The Corps' reissuance of NWP 12 violated the National Environmental Policy Act, 42 U.S.C. §§ 4321 et seq., applicable regulations, and the Administrative Procedure Act, 5 U.S.C. §§ 701–706

140. Montana incorporates by reference its responses to the allegations of the preceding paragraphs.

141–146. The allegations in Paragraphs 141–146 constitute conclusions of law, to which no response is necessary.

### THIRD CLAIM FOR RELIEF

### The Corps' reissuance of NWP 12 violated the Clean Water Act, 33 U.S.C. § 1344€, applicable regulations, and the Administrative Procedure Act, 5 U.S.C. §§ 701–706

147. Montana incorporates by reference its responses to the allegations of the preceding paragraphs.

148. The allegations in Paragraph 148 constitute conclusions of law, to which no response is necessary.

149. The allegations in the first two sentences of Paragraph 149 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required. The allegations in the final sentence of Paragraph 149 constitute conclusions of law, to which no response is necessary.

150–153. The allegations in Paragraphs 150–153 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response may be deemed required, Montana denies that Plaintiffs are entitled to the relief sought or to any other form of relief.

## GENERAL DENIAL

Montana denies every allegation in the Complaint not expressly admitted above, including any for which Montana deems no response to be required (should the Court determine otherwise).

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are not ripe for adjudication.

3. Plaintiffs lack standing.

4. Montana incorporates by reference the defenses asserted by the Federal Defendants.

5. Montana reserves the right to further amend these pleadings and to add such further affirmative defenses as discovery and development of the case may disclose.

Dated this 4th day of June, 2021.

>AUSTIN KNUDSEN
>Montana Attorney General
>215 North Sanders
>P.O. Box 201401
>Helena, MT 59620-1401
>
>By: _____ Hanrat Tokend /pr
>JEREMIAH LANGSTON
>Assistant Attorney General
>
>Counsel for Proposed Defendant-Intervenor

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing document to be mailed, first class postage paid, to:

Timothy M. Bechtold
Bechtold Law Firm, PLLC
P.O. Box 7051
Missoula, MT 59807
tim@bechtoldlaw.net

Jared Margolis
Center for Biological Diversity
2852 Willamette St. #171
Eugene, OR 97405
jmargolis@biologicaldiversity.org

Eric Glitzenstein
Center for Biological Diversity
1411 K Street, NW, Suite 1300
Washington, DC 20005
eglitzenstein@biologicaldiversity.org

Doug Hayes
Sierra Club Environmental Law Program
1650 38th Street, Suite 102W
Boulder, CO 80301
doug.hayes@sierraclub.org

Dated: June 4, 2021

Hannah Tokerud
fr

JEREMIAH LANGSTON
Assistant Attorney General