IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,, <br><br> Plaintiffs, <br><br> v. <br><br> LT. GEN SCOTT A. SPELLMON, et al., <br><br> Defendants, <br><br> and <br><br> AMERICAN GAS ASSOCIATION, et al., <br><br> Defendant-Intervenors, <br><br> and <br><br> STATE OF MONTANA, | CV-21-47-GF-BMM <br><br> ORDER |

## INTRODUCTION

Plaintiffs Center for Biological Diversity, Sierra Club, Montana Environmental Information Center, Friends of the Earth, Waterkeeper Alliance ("Plaintiffs") filed this action against the U.S. Army Corps of Engineers ("Corps") and Lieutenant General Scott Spellman (collectively, "Federal Defendants") for alleged violations of the Endangered Species Act, 16 U.S.C. §§ 1531-1544, the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 et seq., the Clean

Water Act, 33 U.S.C. § 1344(e), and the Administrative Procedure Act, 5 U.S.C. §§ 701-706 in issuing Nationwide Permit 12 ("NWP 12"). (Doc. 1.)

Plaintiffs filed a motion to compel completion of the administrative record. (Doc. 37.) Federal Defendants filed a motion to vacate the case management order. (Doc. 39.)

## BACKGROUND

Plaintiffs filed comments on the proposed issuance of NWP 12. (Doc. 38 at 1.) Plaintiffs could not submit attachments to their comments—including cited reports and exhibits—via email because the file size was too large. (Doc. 38 at 1.) Plaintiffs claim that they mailed the attachments to the Army Corps of Engineers on a USB key before the end of the comment period. (*Id.* at 1-2.) Plaintiffs noted in their comment letter that "because of the large number of exhibits/attachments, we are sending a thumb drive to the Corps at the address above[1] with all the documents, and request that these be included in the record." (Doc. 38-2 at 2.)

For reasons that are unclear to the Court, the Corps never received the USB key. (*Id.* at 2.) Plaintiffs state that the Post Office failed initial delivery and then held the USB key at the Post Office for pick up. (Doc. 38-1 at 3.) Plaintiffs did not discover that the USB key, and, therefore, the attachments to their comment letter,

---

[1] "U.S. Army Corps of Engineers, Attn: CECW-CO-R 441, G Street NW, Washington, DC 20314-1000." (Doc. 38-2 at 2.)

was not received by the Corps until the filing of the administrative record for this proceeding. (*Id.*) The Corps states that it never received the USB key. (*Id.*)

The administrative record currently before the Court thus does not contain the documents contained on Plaintiffs' USB key. Plaintiffs move the Court to compel the completion of the administrative record, or, in the alternative, supplement the administrative record with the following six documents that were cited in Plaintiffs' comments and contained on the USB key:

- The Sierra Club's 2016 comment letter on the proposed reissuance of the NWPs. ("2016 comment letter")

- Schmid & Company, Inc., The Effects of Converting Forest or Scrub Wetlands into Herbaceous Wetlands in Pennsylvania: A Report to the Delaware Riverkeeper Network 2014. ("Schmid & Company report")

- U.S.D.A., Forested Wetlands: Functions, Benefits, and the Use of Best Management Practices. ("U.S.D.A Wetlands Functions report")

- Sunday Akinbowale, P.E., Robert Thomas, P.E., SWG'S History/Case Studies of Frac-Out and Other Horizontal Directional Drilling (HDD) Installation Issues (2020). ("Akinbowale frac-out history presentation")

- Charles Stockton, Stockton Drilling Services, Technical Guide: information and advice for the successful planning and execution of horizontal directional drilling works. ("Stockton HDD guide")

- Meghan Betcher, Alyssa Hanna, Evan Hansen, David Hirschman, Pipeline Impacts to Water Quality: Documented impacts and recommendations for improvements (August 21, 2019). ("Betcher, et al., impacts report")

## LEGAL STANDARD

An administrative record "consists of all documents and materials directly or indirectly considered by agency decision-makers." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989). An agency's designation of the administrative record is entitled to a presumption of regularity. *Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021) (citation omitted). A party may rebut that presumption with "clear evidence" to the contrary. *See id.*; *Save the Colo. v. U.S. Dep't of the Interior*, 517 F. Supp. 3d 890, 899–900 (D. Ariz. 2021). A party meets the clear evidence standard by "identify[ing] the allegedly omitted materials with sufficient specificity" and providing "reasonable, non-speculative grounds for the belief that the documents were considered by the agency and not included in the record," or else by "showing that the agency applied the wrong standard in compiling the record." *Oceana, Inc. v. Pritzker*, 2017 WL 2670733, at *2 (N.D. Cal. June 21, 2017) (internal quotation marks omitted).

Courts generally limit review of agency action to the administrative record. Limited exceptions to this general rule exist. *See Humane Soc'y of U.S. v. Locke*, 626 F.3d 1040, 1058 (9th Cir. 2010). The Ninth Circuit has identified four circumstances where consideration of extra-record evidence would be appropriate: "(1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on

documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (internal quotation marks and citation omitted). The limited exceptions to administrative record review "operate to identify and plug holes in the administrative record." *Id.* at 1030. The applicability of the exceptions "requires, as a threshold matter, a showing that the existing record is so inadequate as to frustrate judicial review." *Pinnacle Armor v. United States*, 923 F. Supp. 2d 1226, 1245 (E.D. Cal. 2013) (citation omitted); *see Nw. Envtl. Advocates v. U.S. Fish & Wildlife Serv.*, 2019 WL 6977406, at *8 (D. Or. Dec. 20, 2019).

## ANALYSIS

### I. Plaintiffs fail to establish that the USB key documents should have been included in the administrative record.

Plaintiffs argue that the USB key documents should have been included in the administrative record. Plaintiffs assert that they mailed the USB key to the Corps's proper address in a timely manner and the Corps refused service or failed to collect its mail. (Doc. 38 at 7.) Plaintiffs contend that the presumption of regularity should not apply because the Plaintiffs put the Corps on notice that the attachments had been submitted by mail. (Doc. 38-2 at 2.)

Plaintiffs fail to demonstrate clear evidence to support their claim that the Corps refused service of the USB key or that the Corps had notice that Plaintiffs'

5

USB key was available for it to pick-up. Without such evidence, Plaintiffs' argument must fail. The Court must apply the presumption of regularity absent clear evidence to the contrary and presume that the Corps followed proper protocol for collecting comments. *See Angov v. Lynch*, 788 F.3d 893, 905 (9th Cir. 2015) (("[I]n the absence of clear evidence to the contrary, courts presume that [government officials] have properly discharged their official duties." (quoting *National Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004))).The Court presumes that the Corps would have included Plaintiffs' attachments in the administrative record if it had received them, and that the Corps took proper measures to ensure the receipt of mailed comments. *See id.*

      Good reason exists for the presumption of regularity as it pertains to an agency developing an administrative record. The Corps received more than 22,700 comments by email, web portal, and mail. (Doc. 42-1 at 4-7.) The Corps cannot feasibly ensure that those comments and their respective attachments properly have been transmitted. Plaintiffs had the responsibility to properly deliver their documents regardless of whether Plaintiffs gave notice of their intent to transmit attachments by mail. The Corps bears no responsibility to inform Plaintiffs that the USB key did not arrive. Plaintiffs failed to track the delivery of the USB key or confirm receipt by the Corps. Other commenters inquired whether the Corps received their documents, and the Corps provided responses confirming receipt. Plaintiffs could

have done the same. The Court determines that Plaintiffs have failed to demonstrate that the documents in the USB key should have been included in the administrative record.

## II. The Court will supplement the administrative record with five of Plaintiffs' documents to determine whether the Corps adequately considered relevant factors.

Plaintiffs argue, in the alternative, that the Court should supplement the record with the six documents to "determine whether the agency has considered all relevant factors and has explained its decision" and/or to "explain [the] technical terms [and] complex subject matter" underlying Plaintiffs' claims. *Lands Council*, 395 F.3d at 1030 (citation omitted); *see also Ass'n of Pac. Fisheries v. EPA*, 615 F.2d 794, 811 (9th Cir. 1980).

Federal Defendants argue that Plaintiffs have failed to meet the threshold matter of demonstrating that the administrative record, without the documents, would be "so inadequate as to frustrate judicial review." *Pinnacle Armor v. United States*, 923 F. Supp. 2d 1226, 1245 (E.D. Cal. 2013). The Federal Defendants contend that "the record already reflects the consideration and explanation that Plaintiffs claim to be missing." (Doc. 42 at 16.) Federal Defendants rely on the summary of public comments and the NWP 12 decision document to evidence consideration of the environmental consequences that Plaintiffs complain were overlooked. (*Id.* at 15.)

The summaries and the Federal Register notice simply state that the Corps received a public comment regarding a particular environmental concern. *See, e.g.*, NWP000029–44. The Corps explains the scientific evidence that it weighed in the NWP 12 decision document. *See, e.g.*, NWP00990, NWP001000, NWP001010. The summaries, Federal Register notice, and NWP12 decision document demonstrate recognition of some of the environmental concerns presented in the Plaintiffs' documents. In order to determine whether the Corps decision to issue NWP 12 proves arbitrary and capricious, however, the Court must be able to assess the sufficiency of the Corps consideration of relevant factors. *Love v. Thomas*, 858 F.2d 1347, 1356 (9th Cir.1988), cert. denied sub nom. *AFL–CIO v. Love*, 490 U.S. 1035, (1989) (citation omitted). As noted in *Love*, "the court may consider, particularly in highly technical areas, substantive evidence going to the merits of the agency's action where such evidence is necessary as background to determine the sufficiency of the agency's consideration." *Id.*; *see also Hunters v. Marten*, 470 F. Supp. 3d 1151, 1166 (D. Mont. July 1, 2020) (allowing plaintiffs to supplement the administrative record so the district court could determine whether the agency's NEPA analysis was arbitrary and capricious).

For a court to simply recognize that the Corps provided some consideration does not allow for sufficient judicial review. Courts have recognized that it "will often be impossible, especially when highly technical matters are involved, for the

court to determine whether the agency took into consideration all relevant factors unless it looks outside the record to determine what matters the agency should have considered but did not." *Inland Empire Pub. Lands Council v. U.S. Forest Serv.*, 88 F.3d 754, 760 (9th Cir. 1996) (quoting *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir.1980)). Plaintiffs rely upon these attachments to support their comment letter. Plaintiffs' comment letter put forward scientific evidence and conclusions that differ from those considered by the Corps. It may be that the Corps should have considered those factors, but did not.

The Court cannot make such a determination without reviewing some of the Plaintiffs' documents as part of a supplemental record. Five of the Plaintiffs' documents will fill gaps in the record that will allow the Court to properly "determine whether the [Corps] has considered all relevant factors and has explained its decision." *Lands Council*, 395 F.3d at 1030 (citation omitted). The Ninth Circuit has stated that allegations that a NEPA analysis "has failed to mention a serious environmental consequence may be sufficient to permit the introduction of new evidence outside of the administrative record." *Nat'l Audubon Soc. v. U.S. Forest Serv.*, 46 F.3d 1437, 1447 (9th Cir. 1993).

The 2016 comment letter and Betcher, et al., impacts report provide the history of oil spills from pipelines and pipeline placements. (*See, e.g.*, Docs. 38-3 at 36-39 & 38-8 at 30.) The Schmid & Company and the U.S.D.A Wetlands Functions

reports discuss how the destruction of forested wetlands results in conversion to lesser-quality wetlands (*See generally* Docs. 38-4 & 38-5.) The Akinbowale frac-out history presentation demonstrates the frequency and impact of "frac-outs" into waterways. (*See generally* Doc. 38-6.) These documents fill gaps in the record necessary for the court to evaluate Plaintiffs' NEPA claims.

The Court determines that the Corps sufficiently addressed the evaluation of horizontal directional drilling provided by the Stockton HDD guide in the NWP 12 decision document. *see, e.g.*, NWP00946, NWP00956, NWP01033-41. The Court will not include the Stockton HDD guide in the Court's supplementation of the record.

In particular, the Court notes that these documents have been incorporated by reference in the administrative record. Plaintiffs' comment letter relied upon and cited these documents. Plaintiffs' comment letter specifically set out to demonstrate the environmental consequences that the Corps allegedly overlooked during the NEPA process. These documents do not provide the foundation for novel legal theories that the Corps had no chance to consider during the NEPA process. These documents instead provide some of the scientific foundation on which Plaintiffs base their claims. Supplementation of the record proves necessary allow the Court to evaluate properly whether the Corps adequately "considered all relevant factors" and properly "explained its decision." *See Lands Council*, 395 F.3d at 1030 (citation

omitted). The Court will grant Plaintiffs' motion to supplement the record with the following five documents:

- The Sierra Club's 2016 comment letter on the proposed reissuance of the NWPs.

- Schmid & Company, Inc., The Effects of Converting Forest or Scrub Wetlands into Herbaceous Wetlands in Pennsylvania: A Report to the Delaware Riverkeeper Network 2014.

- U.S.D.A., Forested Wetlands: Functions, Benefits, and the Use of Best Management Practices.

- Sunday Akinbowale, P.E., Robert Thomas, P.E., SWG'S History/Case Studies of Frac-Out and Other Horizontal Directional Drilling (HDD) Installation Issues (2020).

- Meghan Betcher, Alyssa Hanna, Evan Hansen, David Hirschman, Pipeline Impacts to Water Quality: Documented impacts and recommendations for improvements (August 21, 2019).

### III. The Court will deny Federal Defendants motion to vacate the summary judgment briefing schedule.

Federal Defendants move to vacate the summary judgment briefing schedule until after the Court has resolved Plaintiffs' motion to compel completion of the administrative record. (Doc. 39.) Federal Defendants mistakenly assumed that Plaintiffs' motion (Doc. 37) would not be ripe until Plaintiffs had filed their reply brief. (*See* Doc. 39 at 3.) The Court considers a motion ripe after the response deadline. Local Rule 7.1(d)(1)(D) ("A motion is deemed ripe for ruling at the close of the time for response."). The Court has resolved the Plaintiffs' motion before any

of the summary judgment deadlines, and, thus, will deny Federal Defendants' motion as moot.

## ORDER

Accordingly, **IT IS ORDERED** that:

- Plaintiff's motion to compel completion of the administrative record (Doc. 37) is **GRANTED, IN PART, AND DENIED, IN PART**. The following documents will supplement the administrative record:

    o The Sierra Club's 2016 comment letter on the proposed reissuance of the NWPs.

    o Schmid & Company, Inc., The Effects of Converting Forest or Scrub Wetlands into Herbaceous Wetlands in Pennsylvania: A Report to the Delaware Riverkeeper Network 2014.

    o U.S.D.A., Forested Wetlands: Functions, Benefits, and the Use of Best Management Practices.

    o Sunday Akinbowale, P.E., Robert Thomas, P.E., SWG'S History/Case Studies of Frac-Out and Other Horizontal Directional Drilling (HDD) Installation Issues (2020).

    o Meghan Betcher, Alyssa Hanna, Evan Hansen, David Hirschman, Pipeline Impacts to Water Quality: Documented impacts and recommendations for improvements (August 21, 2019).

- Federal Defendants' motion to vacate the case management order (Doc. 39) is **DENIED AS MOOT**.

DATED this 2nd day of February, 2022.

_____
Brian Morris, Chief District Judge
United States District Court