Rachel H. Parkin
MILODRAGOVICH, DALE,
STEINBRENNER, P.C.
620 High Park Way
P.O. Box 4947
Missoula, MT 59806-4947
Tel.: (406) 728-1455
Fax: (406) 549-7077
rparkin@bigskylawyers.com

*Attorney for the Chamber of Commerce of the United States of America*

Ronald J. Tenpas *(pro hac vice pending)*
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
Tel.: (202) 639-6791
Fax: (202) 330-5328
rtenpas@velaw.com

*Attorney for the Chamber of Commerce of the United States of America*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

*///*

1

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, et al.,<br><br>Defendants,<br><br>and<br><br>AMERICAN GAS ASSOCIATION, et al.,<br><br>Defendant-Intervenors,<br><br>and<br><br>STATE OF MONTANA,<br><br>Defendant-Intervenors. | Case No. CV 21-47-BMM<br><br>**MOTION OF THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA FOR LEAVE TO FILE AMICUS BRIEF - LOCAL RULE 7.5** |

## INTRODUCTION

Pursuant to Local Rule 7.5, the Chamber of Commerce of the United States of America ("Chamber") moves the Court for leave to file an amicus curiae brief in support of Defendants the United States Army Corps of Engineers ("Corps") *et al.*,

2

and Defendant-Intervenors. The Defendant-Intervenors NWP 12 Coalition[1] and the State of Montana consent to this motion. Federal Defendants and Plaintiffs take no position.

The Chamber respectfully submits that its brief will be helpful to the Court in resolving the issues raised by Plaintiffs. Plaintiffs ask this Court to declare unlawful Nationwide Permit 12 ("NWP 12"), on which Chamber members rely for Clean Water Act compliance as they develop critical infrastructure projects that support our nation's ambitious climate and infrastructure priorities. Many of the Chamber's members will suffer economic harms if Plaintiffs' requested relief is granted because a slowdown in permitting and pipeline construction will have numerous downstream effects across the national economy. In addition, and critically, if taken to their logical endpoint, Plaintiffs' legal arguments have the potential to impact not only NWP 12, but the Corps' entire Nationwide Permitting program. Currently, the Corps uses its Nationwide Permitting program to streamline the reviews for a wide variety of commercial activities unrelated to the oil and gas industry, and these permits benefit a wide range of the Chamber's members, across many sectors of the U.S. economy, both directly and indirectly.

---

[1] The members of the Defendant-Intervenor NWP 12 Coalition are American Gas Association, American Petroleum Institute, American Public Gas Association, Association of Oil Pipe Lines, and Interstate Natural Gas Association of America.

The Chamber seeks to offer its informed perspective on the economic harms and disruption that are likely to occur if Plaintiffs obtain their requested relief. As the nation's largest business federation, the Chamber is uniquely positioned to discuss the significant impacts that such relief would likely have on the U.S. economy, including impacts on economic sectors beyond the oil and gas industry. Energy security plays a vital role in economic development and recovery, which is particularly important at the present moment. Today, the American economy faces the economic pressure of the global crisis, the pandemic, and the unprecedented supply chain complications and labor shortages. The present energy crisis would be exacerbated by a ruling that invalidates NWP 12. The Chamber respectfully requests that this Court grant its motion to file an amicus curiae brief.

## STANDARD FOR GRANTING LEAVE TO FILE AN AMICUS BRIEF

The Ninth Circuit has held that "[t]he district court has broad discretion to appoint amici curiae," and the appellate court will reverse "only if the district judge has abused his discretion." *Earth Island Inst. v. Nash,* No. 1:19-cv-01420-DAD-SAB, 2019 WL 6790682, at *1 (E.D. Cal. Dec. 12, 2019) (quoting *Hoptowit v. Ray,* 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds by Sandin v. Conner,* 515 U.S. 472 (1995)). "The touchstone is whether the amicus is 'helpful,' and there is no requirement 'that amici must be totally disinterested.'"

4

*Earth Island Inst.*, 2019 WL 6790682, at *1 (quoting *California v. U.S. Dep't of Labor*, No. 2:13-cv-02069-KJM-DAD, 2014 WL 12691095, at *1 (E.D. Cal. Jan. 14, 2014)). "Amicus briefs are frequently welcome . . . concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* at *2 (quoting *U.S. Dep't of Labor*, 2014 WL 12691095, at *1).

"An amicus brief should normally be allowed when . . . the amicus has an interest in some other case that may be affected by the decision in the present case, or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999). "[C]ourts have held it is 'preferable to err on the side of' permitting [amicus] briefs." *Earth Island Inst.*, 2019 WL 6790682, at *2 (quoting *Duronslet v. Cnty. of Los Angeles*, No. 2:16-cv-08933-ODW (PLAx), 2017 WL 5643144, at *1 (C.D. Cal. Jan. 23, 2017)).

There is no generally applicable Federal Rule of Civil Procedure regarding participation of an amicus. *Cf. Barnes-Wallace v. Boy Scouts of Am.*, No. 00CV1726-J (AJB), 2004 WL 7334945, at *1 (S.D. Cal. Mar. 23, 2004) (noting that "neither the Supreme Court nor the Ninth Circuit have set forth a standard for

5

the filing of amicus briefs at the district court level."). However, Local Rule of Procedure 7.5(b)(2)(b) provides that a motion for leave to file as an amicus must:

> (A) comply with L.R. 7.1(b) and (c) and be limited to 3250 words;
> (B) include, if the amicus is a corporation, a disclosure statement like that required of parties by Fed. R. Civ. P. 7.1(a);
> (C) state why the amicus is interested in the matter; and
> (D) state why an amicus brief is desirable and relevant, including why the parties cannot adequately address the matter.

The Chamber has met all four requirements and its participation as amicus is appropriate here.

## STATEMENT OF INTEREST

The Chamber has substantial interests in the outcome of this case. The Chamber is the world's largest business federation. It represents approximately 300,000 direct members and indirectly represents the interests of more than 3 million companies and professional organizations of every size, in every industry sector, and from every region of the country. An important function of the Chamber is to represent the interests of its members in matters before Congress, the Executive Branch, and the courts. To that end, the Chamber regularly files amicus curiae briefs in cases, like this one, that raise issues of concern to the nation's business community. The Chamber thus has a direct interest in this case because it raises issues of vital importance to its members.

Specifically, Plaintiffs challenge the Corps' reissuance of NWP 12, a general permit issued under Clean Water Act Section 404, 33 U.S.C. § 1344, which is applicable to many projects undertaken by the oil and gas industry in pipeline construction and maintenance. Compl. (ECF Doc. 1) ¶ 1. Plaintiffs' requested relief—invalidation of the entire NWP 12 permit program—has the potential to hamper the Chamber's members' access to markets and to significantly harm the oil and gas industry and the many businesses that rely on it. *See id.*, Prayer for Relief. Without NWP 12, projects to install and maintain pipelines and other infrastructure necessary to the transportation and refining of petroleum and natural gas products would require some other form of Clean Water Act authorization, most likely an individual permit, which would significantly delay projects and make them significantly more costly.

These impacts will not be limited to companies operating in the domestic oil and gas industry. Instead, the increased costs associated with individual permitting will be passed on to the consumers of the commodities transported, whether it be consumers of energy or consumers of products manufactured using petrochemicals. These consumers include both the business community and the everyday customers of the end products that those businesses create. These increased costs will impact a wide array of the Chamber's business members and potentially hinder their ability to receive the reliable power they need to operate or materials they need for

7

production. Ultimately, many of those increased costs may be passed on to consumers as higher prices at the pump, or steeper price tags on everyday items. In addition, the Chamber has a strong interest in seeing that member businesses and their customers have reliable and affordable access to power and other commodities (including petrochemical commodities such as plastic) that help them achieve their climate goals. Natural gas pipelines also provide the critical foundation for a low emission hydrogen network across our nation.

As discussed further below, the Chamber and its members also have a strong interest in the Nationwide Permitting program more generally. Many of the Chamber's members rely directly or indirectly on other Nationwide Permits that could become the target of legal challenges if Plaintiffs are successful in this case.

## THE CHAMBER'S PARTICIPATION IS DESIRABLE AND RELEVANT

If allowed to participate as an amicus, the Chamber intends to provide information about the practical and legal consequences that would result from invalidating NWP 12, including downstream economic effects across a range of industries. In addition, the Chamber can discuss the risks that this case poses to the Corps' broader Nationwide Permitting program, and the implications this could have on the U.S. economy. The Corps currently uses Nationwide Permits in a variety of contexts distinct from oil and gas pipelines. These uses include agricultural activities, hydropower projects, commercial and industrial developments, land- and

water-based renewable energy generation facilities, and utility lines. *See* U.S. Army Corps of Engineers, *Summary of the 2021 Nationwide Permits* (2021), https://usace.contentdm.oclc.org/utils/getfile/collection/p16021coll7/id/19757.

The Chamber's interest is also distinct from, and cannot be adequately addressed by, the Parties. Plaintiffs' desired relief is squarely adverse to the interests of the Chamber's members, who rely on NWP 12 for affordable and reliable energy and delivery of essential commodities. Nor can the Federal Defendants or the State of Montana adequately represent the Chamber's members and their perspective. As the courts have repeatedly acknowledged in the context of intervention, a government entity charged with serving the public interest cannot adequately represent the more narrow interests of private companies.[2] *See, e.g., Dimond v. District of Columbia*, 792 F.2d 179, 192-93 (D.C. Cir. 1986) ("A government entity . . . is charged by law with representing the public interest of its citizens. . . . [It] would be shirking its duty were it to advance [a] narrower [private] interest at the expense of its representation of the general public interest."); *see also Nat'l Farm Lines v. Interstate Commerce Comm'n*, 564 F.2d 381, 384 (10th Cir. 1977) ("[This is a] familiar situation in which the governmental agency is seeking to protect not

---

[2] These cases acknowledge the government's inability to adequately represent private interests in the context of intervention. Intervenors bear a higher burden than amicus in demonstrating that they should be allowed to participate as parties to the litigation. As a result, it is clear that the State and Federal Defendants cannot adequately represent the interests of the Chamber's members in this case.

only the interest of the public but also the private interest of the petitioners in intervention, a task which is on its face impossible."); *see also WildEarth Guardians v. Haaland,* No. 2:19-CV-09473-ODW (KSx), 2021 WL 4263831, at *9-10 (C.D. Cal. Sept. 20, 2021) (organization representing the interests of its seven local government members and one city member granted amicus status arguing that parties could not adequately represent their interests). The Federal Defendants must balance a number of competing concerns and statutory responsibilities that are broader than the economic interests of the Chamber's members and their customers, and the State of Montana necessarily has a narrower focus than the Chamber and its nationwide membership.

The Chamber is uniquely positioned to provide the Court with a broader view of how Plaintiffs' requested relief will impact the U.S. economy, including both businesses and the everyday Americans that consume the wide variety of end products that would be impacted by the vacatur of NWP 12. While the Defendant-Intervenors NWP 12 Coalition may represent the perspective of their members operating in the oil and gas industry, they do not represent the wider perspective of the larger U.S. business community and its customers, including the myriad businesses that would be affected by increased energy and commodity prices that would flow from eliminating a longstanding streamlined permitting program for pipeline construction. Nor do Defendant-Intervenors represent the sectors of the

economy that rely directly or indirectly on other Nationwide Permits issued by the Corps, which could be subjected to legal challenge if Plaintiffs prevail in this case.

## TIMING

This motion is timely. Summary Judgment briefing in this case began on February 4, 2022. Pursuant to the Order Amending the Scheduling Order (ECF Doc. 48), Defendants will file their cross-motions for summary judgment and response on March 18, 2022, and Defendant-Intervenors' briefs are due April 1, 2022. The Chamber proposes to file an amicus brief, no longer than 5,000 words, on April 5, 2022, shortly after the Defendant-Intervenors have filed their summary judgment briefs, in order to allow the Chamber to avoid duplication of arguments. The Plaintiffs' response and reply brief is not due until April 29, 2022. As a result, allowing the Chamber's participation will not delay this action or unfairly prejudice Plaintiffs if they decide to respond to points raised by the Chamber's proposed amicus brief. The Chamber therefore respectfully requests that this Court allow it to provide its views on the legal and practical implications of Plaintiffs' challenge to NWP 12.

## CONCLUSION

For the foregoing reasons, the Chamber respectfully requests that this Court grant its Motion for Leave to File an Amicus Curiae Brief – Local Rule 7.5 in support of Defendants, no longer than 5,000 words, on or before April 5, 2022.

DATED this 28th day of February, 2022.

By: /s/ Rachel Parkin
Rachel H. Parkin
MILODRAGOVICH, DALE,
STEINBRENNER, P.C.
620 High Park Way
P.O. Box 4947
Missoula, MT 59806-4947
Tel.: (406) 728-1455
Fax: (406) 549-7077
rparkin@bigskylawyers.com

Ronald J. Tenpas *(pro hac vice pending)*
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
Tel.: (202) 639-6791
Fax: (202) 330-5328
rtenpas@velaw.com

*Attorneys for Chamber of Commerce of the United States of America*

## CERTIFICATE OF COMPLIANCE

I certify that the MOTION OF THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA FOR LEAVE TO FILE AMICUS BRIEF - LOCAL RULE 7.5 complies with the requirements of Rule 7.1(d)(2). The lines in this document are double spaced, except for footnotes and quoted and indented material, and the document is proportionately spaced with Times New Roman 14-point typeface. The total word count is 2,088 words, excluding captions and certificates of compliance and service. The undersigned relies on the word count of the word processing system used to prepare this document.

By: /s/ Rachel Parkin
Rachel H. Parkin
MILODRAGOVICH, DALE, STEINBRENNER, P.C.
620 High Park Way
P.O. Box 4947
Missoula, MT 59806-4947
Tel.: (406) 728-1455
Fax: (406) 549-7077
rparkin@bigskylawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of February, 2022, a true copy of the foregoing was served by first-class mail, postage prepaid to the following parties:

**Counsel for Plaintiffs:**

**Douglas P. Hayes**
SIERRA CLUB
1650 38th Street
Suite 102W
Boulder, CO 80301
303-449-5595
Fax: 303-449-6520
Email: doug.hayes@sierraclub.org

**Timothy M. Bechtold**
BECHTOLD LAW FIRM
PO Box 7051
Missoula, MT 59807-7051
406-721-1435
Email: tim@bechtoldlaw.net

**Eric R. Glitzenstein**
CENTER FOR BIOLOGICAL
DIVERSITY - DC
1411 K Street, N.W.
Suite 1300
Washington, DC 20005
202-849-8401
Email: eglitzenstein@biologicaldiversity.org

**Jared Michael Margolis**
CENTER FOR BIOLOGICAL DIVERSITY
2852 Willamette St. #171
Eugene, OR 97405
802-310-4054
Email: jmargolis@biologicaldiversity.org

**Counsel for Defendants:**

**Benjamin James Grillot**
U.S. DEPARTMENT OF JUSTICE
ENVIRONMENTAL & NATURAL RESOURCES DIVISION-NRS
P.O. Box 7611
Washington, DC 20044-7611
202-305-0303
Email: benjamin.grillot@usdoj.gov

**Bridget K. McNeil**
U.S. DEPARTMENT OF JUSTICE
999 18th St.
Suite 370
Denver, CO 80202
303-844-1484
Fax: 303-844-1350
Email: bridget.mcneil@usdoj.gov

**Kristofor R. Swanson**
U.S. DEPARTMENT OF JUSTICE -
ENVIRONMENTAL ENFORCEMENT
PO Box 7611
Ben Franklin Station
Washington, DC 20044-7611
202-305-0428
Fax: 202-305-0506
Email: kristofor.swanson@usdoj.gov

**Coby Howell**
OFFICE OF THE U.S. ATTORNEY
1000 SW Third Ave
Suite 600
Portland, OR 97204-2024
503-727-1044
Fax: 727-1117
Email: coby.howell@usdoj.gov

///

15

**Intervenor Defendants:**
**State of Montana**
**Kathleen L. Smithgall**
MONTANA DEPARTMENT OF JUSTICE
215 North Sanders
PO Box 201401
Helena, MT 59620-1401
406-444-4376
Email: kathleen.smithgall@mt.gov

**Brianne C. McClafferty**
HOLLAND & HART - BILLINGS
401 North 31st Street
Suite 1500
Billings, MT 59101-1277
406-252-2166
Fax: 406-545-2266
Email: bcmcclafferty@hollandhart.com

**William W. Mercer**
HOLLAND & HART - BILLINGS
401 North 31st Street
Suite 1500
Billings, MT 59101-1277
406-896-4607
Fax: 406-252-1669
Email: wwmercer@hollandhart.com

**Deidre G. Duncan**
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
202-955-1919
Fax: 202-861-3675
Email: dduncan@HuntonAK.com

///


**Karma B. Brown**
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
202-955-1893
Fax: 202-778-2201
Email: kbbrown@HuntonAK.com

By: _____
Rachel H. Parkin
MILODRAGOVICH, DALE,
STEINBRENNER, P.C.
620 High Park Way
P.O. Box 4947
Missoula, MT 59806-4947
Tel.: (406) 728-1455
Fax: (406) 549-7077
rparkin@bigskylawyers.com